UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| RENEE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO: 3:21-cv-134 |
| | ) | |
| YMCA OF SOUTHWESTERN | ) | |
| INDIANA, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1.      This is an action brought by Plaintiff, Renee Smith ("Smith"), by counsel, against Defendant, YMCA of Southwestern Indiana, ("Defendant"), for violating the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 *et seq.* and the Family and Medical Leave Act of 1993, ("FMLA"), as amended, 29 U.S.C. §2601 *et seq.*

### II. PARTIES

2.      Smith is a citizen of the United States and the State of Indiana.

3.      Defendant is a non-profit organization that maintains offices and conducts business in the Southern District of Indiana.

### III. JURISDICTION AND VENUE

4.      Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331, 42 U.S.C. § 12117, and 29 U.S.C. §2617(a)(2).

5.      Defendant is an "employer" as that term is defined 42 U.S.C. § 12111(5)(A) and 29 U.S.C. §2611(4).

6.      At all times relevant to this action, Smith was an "employee" as that term is defined by 42 U.S.C. § 12111(4).

7.      Smith, at all times relevant, was an "eligible employee" as that term is defined by 29 U.S.C. §2611(2).

8.      Smith is a "qualified individual with a disability" as defined by the Americans with Disability Act, 42 U.S.C. §§ 12102(2) and 12111(8) and/or Defendant knew of Smith's disability and/or Defendant regarded Smith as being disabled.

9.      Smith exhausted her administrative remedies by timely filing a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission and files this complaint within ninety (90) days of receipt of her Notice of Right to Sue.

10.      A substantial part of the events, transactions, and occurrences concerning this case arose in the geographical environs of the Southern District of Indiana; therefore, venue is proper in this Court.

## IV.  FACTUAL ALLEGATIONS

11.      Smith was hired on or about November 12, 2012 by the Defendant and worked most recently as the Wellness Coordinator at the Dunigan Family YMCA in Evansville, Indiana.

12.     At all times relevant, Smith met or exceeded Defendant's legitimate performance expectations.

13.     Smith suffers from an anxiety disorder, a serious health conditions that also qualify as a disability under the Americans with Disabilities Act and its amendments.  Defendant was aware of her serious health condition/disability as Smith informed her supervisor, Christin Mitchell; the Branch Executive, Barb Dykstra; and the HR Director, Tricia Blazier ("Blazier"), of her anxiety disorder and she utilized leave under the FMLA for her anxiety disorder.

14.     As her condition worsened, Smith took leave under the FMLA beginning on June 17, 2020.  She returned from her FMLA leave on September 10, 2020.  Upon her return, Smith learned her office had been cleaned out and she was excluded from a budget meeting – a meeting that was critical to her role as Wellness Coordinator.

15.     Further, on September 11, 2020, one day after her return from leave, Blazier issued Smith a performance improvement plan. The PIP cited areas of concern and included incidents from dates that Smith was on FMLA leave.  Further, the PIP was inaccurate.

16.     Faced with an inaccurate and pretextual PIP issued in retaliation for her use of FMLA and/or because of her disability, Smith had no choice but to resign and was constructively discharged that same day.

### V.  LEGAL ALLEGATIONS

### COUNT I – RACE DISCRIMINATION

3

17.     Paragraphs one (1) through sixteen (16) of Smith's Complaint are hereby incorporated.

18.     Defendant violated Smith's rights as protected by the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* by constructively discharging her because of her actual or perceived disability.

19.     Defendant's actions were intentional, willful and in reckless disregard of Smith's rights as protected by the ADA.

20.     Smith has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## COUNT II: FMLA INTERFERENCE/RETALIATION

21.     Paragraphs one (1) through twenty (20) of Smith's Complaint are hereby incorporated.

22.      Defendant unlawfully interfered with Smith's rights and retaliated against Smith for her use of leave under the FMLA.

23.     Defendant's actions were intentional, willful, and in reckless disregard of Smith's rights as protected by the FMLA.

24.     Smith suffered damages as a result of Defendant's unlawful actions.

## VI.  REQUESTED RELIEF

WHEREFORE, Plaintiff, Renee Smith, by counsel, respectfully requests that this Court find for Plaintiff and:

1.      Reinstate Plaintiff to the position, salary and seniority level she would have enjoyed but for Defendant's unlawful employment actions, or award him front pay in lieu thereof;

2.      Pay Plaintiff's lost wages and benefits;

3.      Pay to Plaintiff compensatory damages, damages for emotional distress and payment of uncovered medical bills and/or insurance premiums;

4.      Pay to Plaintiff liquidated damages;

5.      Pay to Plaintiff punitive damages;

6.      Pay to Plaintiff pre- and post-judgment interest;

7.      Pay Plaintiff's costs and attorney fees incurred in litigating this action; and,

8.      Provide any further equitable relief this Court sees fit to grant.

Respectfully submitted

/s/ Lauren E. Berger_____
Lauren E. Berger, Atty. No. 29826-19
Kyle F. Biesecker, Atty. No. 24095-49
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, IN 47708
Telephone:    (812) 424-1000
Facsimile:     (812) 424-1005
Email:          lberger@bdlegal.com
                kfb@bdlegal.com

*Attorneys for Plaintiff, Renee Smith*

## DEMAND FOR JURY TRIAL

The Plaintiff, Renee Smith, by counsel, respectfully requests a jury trial for all issues deemed triable by jury.

Respectfully submitted,

/s/ Lauren E. Berger_____
Lauren E. Berger, Atty. No. 29826-19
Kyle F. Biesecker, Atty. No. 24095-49
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, IN 47708
Telephone:    (812) 424-1000
Facsimile:    (812) 424-1005
Email:    lberger@bdlegal.com
         kfb@bdlegal.com

*Attorneys for Plaintiff, Smith*